INDEPENDENT LIFE AND ACCIDENT INS. CO. v. GEORGE NIXON

149 So. 16

Opinion Filed June 22, 1933.

*Lee Guest,* for Plaintiff in Error;

*A. C. Johnson,* for Defendant in Error.

PER CURIAM.—This was an action at law upon an insurance policy wherein the defendant filed a plea in abatement reading as follows:

"The above named defendant, by its undersigned attorney, prays judgment of the writ and declaration herein, and that the same may be quashed, because it says that among the conditions and privileges of the policy of insurance herein sued upon and attached to plaintiff's declaration, it is covenanted and agreed by and between plaintiff and the insured herein, Frank Green, that, 'No suit or action at law, or in equity, shall be maintainable to enforce the performance of this contract until sixty days shall have expired after filing in the principal office of the company (defendant herein) of the proof of death'; that plaintiff filed proof of the death of said insured on the 25th day of May, A. D. 1931; that thereafter on the 16th day of July, A. D. 1931, said plaintiff began this suit at law on said policy by filing praecipe for summons *ad respondendum,* contrary to the provisions of said policy; and this the defendant is ready to verify; wherefore defendant prays judgment of the said writ and declaration, and that the same may be quashed."

Upon motion of the plaintiff below the plea in abatement was stricken, which ruling forms one of the assignments of error required to be considered on this appeal.

Section 4651 C. G. L., 2931 R. G. S., reads as follows:

"All provisions and stipulations contained in any contract whatever entered into after May 26, 1913; fixing the period of time in which suits may be instituted under any such contract, or upon any matter growing out of the provisions of any such contract, at a period of time less than that provided by the statute of limitations of this State, are hereby declared to be contrary to the public policy of this State, and to be illegal and void. No court in this State shall give effect to any provision or stipulation of the character mentioned in this section. Ch. 6465, Acts May 26, 1913, Secs. 1, 2."

The record shows that the motion to strike the plea above mentioned was granted by the Circuit Judge on the ground that the restriction in the contract as to the time that suit might be brought thereon, which was made the basis of the plea in abatement, was clearly in violation of said Section 4651 C. G. L., *supra*.

The conclusion of a majority of the Court is that the court erred in striking the plea in abatement and that while it might be true as suggested by the defendant in error, that the insurer had waived its rights to invoke the matters set up in the plea because it had denied liability under the policy, yet this is a matter which should be made to appear by appropriate replication.

Section 4651 C. G. L., 2931 R. G. S., has no reference to those provisions of contracts which restrict the right to institute suit until after certain conditions precedent, such as filing proofs and the like, are complied with. In cases falling within the purview of such clauses in a contract no action is maintainable until after the conditions of the contract have been met or unless it be alleged and proved that the condition has been waived. Such provision does not tend to shorten the statute of limitations because the statute

of limitations does not begin to run until the right to maintain a suit has accrued. Therefore such a provision in a contract would not be violative of Section 4651 C. G. L., *supra,* which merely renders void all provisions and stipulations contained in any contract fixing the period of time in which suit may be instituted under such contract at a period of time less' than that provided by the statute of limitations of this State. See National Surety Co. v. Williams, 74 Fla. 446, 77 Sou. Rep. 212.

Reversed and remanded for appropriate proceedings.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.