ARTHUR B. DUNBAR, APPELLEE, V. NATIONAL SURETY CORPORATION, APPELLANT.

2 N. W. (2d) 116

FILED JANUARY 30, 1942. No. 31280.

*Smith & Schall* and *Gerald M. Vasak,* for appellant.

*Dressler & Neely, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

Rose, J.

This is an action on a fidelity bond or policy in which the National Surety Corporation, defendant, for annual premiums received by it from Arthur B. Dunbar, plaintiff, agreed to pay him, under the terms of the contract, any loss sustained by him through "any act of personal dishonesty, forgery, theft, larceny, embezzlement, wrongful conversion, abstraction or misapplication" of Emma L. Koch, bookkeeper and cashier employed by plaintiff, who was engaged in the business of writing insurance.

The bond or policy was kept in force from year to year by annual payments of premiums, the defendant assuming liability to the extent of $2,000 a year for yearly losses if caused by employee's wrongful acts as enumerated in the bond.

A copy of the bond is attached to the petition which, in the form of three causes of action, alleges that the employee, during annual periods covered by the bond, in violation of her duties as employee and in breach of her trust, wrongfully and fraudulently abstracted funds of plaintiff as follows: During the annual period beginning February 9, 1933, $128.99; during the annual period beginning February 9, 1934, $3,093.61; during the annual period beginning February 9, 1935, and ending February 9, 1936, $2,446.34.

The limit of defendant's liability for losses each year being $2,000, the entire claim of plaintiff consists of three items—$128.99, $2,000 and $2,000, or $4,128.99. Plaintiff, however, to prevent removal of the cause to the federal court, waived his right to recover more than $2,000.

Referring to liability for losses, the bond provides that such liability is "subject to the following express conditions, which shall be conditions precedent to any recovery hereunder: * * *

"Any loss for which a claim is made hereunder must be discovered during the term of this bond or within fifteen months after the date of any termination of the surety's liability hereunder as to the employee involved, and no

action or proceeding shall be brought against the surety hereunder before the expiration of two months nor after the expiration of twelve months from the date of filing such statement of claim with the surety. Should any limitation set forth herein be void under the law of any place governing the construction hereof, then such limitation shall be the shortest period permitted by such law."

The bond terminated February 9, 1936. The period of 15 months thereafter for plaintiff to discover losses, therefore, expired in May, 1937. In the petition plaintiff alleged:

"Said conduct of Emma L. Koch constituted a fraud on the plaintiff, and plaintiff did not and could not discover said fraud until July, 1939, after a complete audit of his books and accounts."

The facts outlined and notice and proofs of loss were pleaded at length by plaintiff.

Defendant demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action in favor of plaintiff against defendant. The district court overruled the demurrer. Defendant elected to stand on it and refused to plead further. Judgment was entered in favor of plaintiff for $2,000. Defendant appealed.

Defendant contends that the petition shows on its face in connection with the surety bond or policy that the surety is not liable for any loss pleaded by plaintiff because he did not discover any loss within the time limited by the contract of the parties—a condition precedent to recovery; that questions involving the statute of limitations are immaterial since plaintiff did not state a cause of action; that the demurrer was erroneously overruled.

Plaintiff pleaded the fraud of his own employee to extend the time for discovering his losses to that fixed by the statute of limitations, which is four years from the discovery of fraud. Comp. St. 1929, sec. 20-207. The position of plaintiff is that the 15-month limitation in the contract on which he sued, in connection with other provisions of the bond, is void because it violates public policy as declared by statute, and he insists that the demurrer was

properly overruled and that the judgment should be affirmed.

The propositions thus summarized were elaborately argued on both sides with references to cases and text-books, but the determining question is narrowed to the validity of the following provision of the surety bond as it appears in the paragraph herein quoted from the bond itself:

"Any loss for which a claim is made hereunder must be discovered during the term of this bond or within fifteen months after the date of any termination of the surety's liability hereunder as to the employee involved."

This provision relates alone to the time for discovering losses suffered by employer through wrongful acts of the employee and is a proper subject of contract. It requires of the employer vigilance and performance of obligations at the source of knowledge and at the place for acquiring necessary information. The employer had supervisory authority to direct his bookkeeper and cashier in the duties of her employment. He had the means of discovering peculations and the obligation to do so was imposed on him. The books of account that recorded his business transactions were open to him. In the fidelity bond the time limit for the discovery of losses occasioned by the dishonesty of the employee was a reasonable and valid provision affecting the extent of liability of the surety, the amount of premiums required for fidelity or insurance risks and lessening the expenses of investigating losses. The law applicable to this provision of the bond has been stated as follows:

"It is well settled that where the liability of the insurer is expressly limited in an indemnity or fidelity contract to losses discovered within a specified time, there is no liability unless the fraud, dishonesty or negligence causing the loss not only occurs but is discovered within the time limit, and the mere fact that the discovery of a fraud during that period is prevented by the concealment thereof by the defaulter will not extend the period of indemnity. The insured is bound to discover the loss during the

prescribed period, and if he fails to do so the insurance company is not liable." 14 R. C. L. 1267, sec. 443.

On the face of the petition in which the bond is included, the following facts are clearly shown: The bond or policy terminated February 9, 1936. The 15-month period thereafter for discovery of the losses expired in May, 1937. The losses were not discovered by plaintiff until July, 1939. In view of these facts the petition was demurrable because it shows on its face that plaintiff did not discover his losses within the 15-month period limited by the contract—a condition precedent to recovery.

If the bond pleaded by plaintiff contained a void provision relating to the time in which he was required to begin the action, a question not determined, the valid 15-month limitation for discovery of the losses was not thus nullified. The two provisions, though in the same paragraph of the contract, applied to different subjects. Since a cause of action was not stated, it is immaterial for the purposes of the demurrer when recovery for losses would be barred by statute. Plaintiff is not seeking relief for any fraud of defendant. The surety is not charged with fraud. Plaintiff brought this action on the fidelity bond and is bound by its lawful terms. The fraud of the employee, who is not a party to the action, did not destroy the obligation of plaintiff, as a condition of recovery, to discover his losses within the time limited by the fidelity bond.

The demurrer to the petition was erroneously overruled. The ruling thereon and the judgment below are reversed, the demurrer sustained and the action dismissed.

REVERSED AND DISMISSED.