BOYER, Acting Chief Judge.
Appellant, who was the prevailing party in an action against appellee bottomed upon a policy of life insurance insuring the life of the mother of appellant’s wards now seeks reversal of that portion of the final judgment which denied an award of attorney’s fees to appellant’s attorney.
The relevant facts are not in issue. Jeanette Harrell was insured under a group policy issued by appellee containing a double indemnity provision in the event the insured died as a result of accidental means. Jeanette Harrell, the insured, was shot and killed by her husband, Jimmy Harrell, who was the named beneficiary under the policy. In an appropriate proceeding appellant was appointed guardian of the two minor children of the insured decedent, Jeanette Harrell. Both Jimmy Harrell, as the named beneficiary, and appellant, as guardian of the decedent’s children, made demand upon appellee for payment under the policy. Appellee refused to comply with either demand for payment, stating in a letter to appellant that “we are unable to pay benefits on the death claim on the above insured until such time as the designated beneficiary, Jimmy Lee Harrell, has been tried and it is determined whether he is held responsible for the felonious death of the insured.” Appellant, via her attorney, thereupon wrote appellee, remonstrating that the degree of proof in a civil action relative to an insurance claim is entirely different from that required in a criminal trial relative to an alleged felonious killing, citing Carter v. Carter, Sup.Ct.Fla. 1956, 88 So.2d 153 and Hamilton v. Liberty Nation *145 al Life Insurance Co., Fla.App. 2nd 1968, 207 So.2d 472. Appellee responded with an assertion that payment could not be made until after the criminal charges against the named beneficiary were concluded and that, in any event, appellant in her capacity as guardian of the decedent’s minor children was not entitled to the proceeds of the subject policy. The respective positions of the parties having thereupon become fixed, appellant filed suit without awaiting the expiration of the sixty day period provided in Florida Statute 627.-428(2). The action was against appellee and Jimmy Harrell. The complaint alleged the policy of insurance, that same was in full force and effect, the death of the insured, the manner in which the death occurred, the name of the named beneficiary, the relationship of appellant’s wards, the appointment of appellant as guardian, demand for payment, refusal thereof, and that Jimmy Lee Harrell was joined as an interested party. Attached to the complaint as exhibits were copies of the letters of guardianship, certificate of death and letter from appellee refusing to comply with the request for demand of payment by appellant.' Appellee filed, in a single pleading, a motion to dismiss and an answer. The motion to dismiss was upon the sole ground that “plaintiff has no standing to bring or maintain this action” and the answer was a general denial, denying “each and every allegation” of the complaint. It contained no affirmative defenses.
A default was entered against Jimmy Lee Harrell who, on November 21, 1972, assigned in writing any claim which he may have had under the subject policy of insurance to appellant in her capacity as guardian.
- The case was tried on December IS, 1972, before the court without a jury, and the trial judge, on March 5, 1974, approximately IS months thereafter, entered final judgment in favor of appellant for the full amount of the policy, including double indemnity, plus interest and costs, but denied attorney’s fees.. The reason for such a denial does not appear in the final judgment nor in the record before us.
Both parties rely upon Florida Statute 627.428, which provides as follows:
“(1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court, shall adjudge .or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or benefi-ciarys attorney prosecuting the suit in which the recovery is had.
(2) As to suits based on claims arising under life insurance policies or annuity contracts, no such attorney fee shall be allowed if such suit was commenced prior to expiration of sixty days after proof of the claim was duly filed with the insurer.
(3) Where so awarded, compensation or fees of the attorney shall be included in the judgment or decree rendered in the case.”
Appellee contends that inasmuch as it is uncontradicted that suit was commenced prior to the sixty day period set forth in F.S. 627.428(2) the trial judge was eminently correct in denying attorney’s fees.
Appellant, on the other hand, urges that inasmuch as the positions of the parties had become fixed prior to the expiration of the sixty day period and inasmuch as the record reveals that appellee had no intention of furthering its investigation during that period nothing would have been accomplished by waiting and that the sixty day waiting period was therefore waived, citing Independent Life & Accident Insurance Co. v. Nixon, 1933, 111 Fla. 167, 149 *146 So. 16; American National Insurance Co. v. de Cardenas, Fla.App. 3rd 1968, 181 So. 2d 359 and Couch on Insurance, 2d, § 75:49.
Appellant’s contention appears more plausible to us. The purpose of the sixty day waiting period provided in insurance policies and in the above cited statute is to permit the insurer an opportunity to investigate the claim. Where the record reveals that the claim has been investigated and that no further investigation is reasonably anticipated during the sixty day period and that the insurer has reached and announced its conclusion and that nothing constructive will be accomplished by awaiting expiration of the period then the condition is satisfied and suit may thereafter be commenced without awaiting expiration of the policy or statutory period. Under such circumstances attorney’s fees are properly to be awarded in accordance with Florida Statute 627.428(1) unless the insurer alleges and proves prejudice as a result of commencement of the suit prior to the expiration of the sixty day waiting period.
Rule 1.140(h) RCP provides as follows:
“(1) A party waives all defenses and objections that he does not present either by motion under subdivisions (b), (e) or (f) of this rule or, if he has made no motion, in his responsive pleading except as provided in subdivision (h) (2).
“(2) The defenses of failure to state a cause of action or a legal defense or to join an indispensable party may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised in either a motion under subdivision (b) or in the answer or reply. The defense of lack of jurisdiction of the subject matter may be raised at any time.”
As above recited, appellee’s answer was a one sentence general denial, containing no affirmative defenses. No motion nor other pleading raised premature filing of the action as a defense nor has prejudice as a result thereof been claimed either in the trial court or on appeal.
Although not addressing itself to the point in its brief, appellee raised at oral argument and by “notice of intention to rely” the holding of Manufacturers Life Insurance Company v. Cave, Sup.Ct.Fla.1974, 295 So.2d 103, which is a restatement of the holding in Equitable Life Assurance Society v. Nichols, Sup.Ct.Fla. 1956, 84 So. 2d 500. However, the facts sub judice are clearly distinguishable. Appellee made no offer to pay the insurance proceeds into the registry of the court nor did it seek in-terpleader. It never admitted any liability to appellant, even after the named insured assigned all of his rights under the subject policy. Indeed, by its answer, appellee denied the existence of the policy, the force and effect thereof, the death of the insured, the name of the designated beneficiary, the relationship of appellant’s wards, the appointment of appellant as guardian and all other relevant facts. Such a general denial can hardly be categorized as a good faith effort to pay within the doctrine set forth in the last above cited cases. Assuming, without deciding, that appellee’s initial refusal to pay was not wrongful (see Equitable Life Assurance Society v. Nichols, supra, and Manufacturers Life Insurance Company v. Cave, supra) certainly the failure to pay or to tender into court the proceeds of the policy after default was entered against the named insured and after the named insured had made an assignment in favor of appellant, and particularly after appellant was put to the proof of the allegations of her complaint, could hardly be said to be otherwise.
It is pertinent to note that, as above recited, although appellee initially made an issue of the right of appellant, in her capacity of guardian, to make claim to the proceeds of the policy that point does not appear to have been pursued and it is not raised on appeal. Indeed, appellee’s attorney stated during oral argument that the right of appellant, as guardian, to recover *147 was not an issue. Accordingly, such is not before us and cannot have any relevancy to the issues here considered.
Having determined that the trial court erred in failing to adjudge attorney’s fees in favor of appellant’s attorney, we reverse and remand for that purpose; the trial court being in a better position than are we to take testimony and evidence as to the amount which will constitute a reasonable sum as compensation for appellant’s attorney for representation of appellant in the trial court and here.
It is so ordered.
JOHNSON, J., and EASTMORE, E. L., Associate Judge, concur.