848 So.2d 1186 (2003)
FIREMAN'S FUND INSURANCE COMPANY, a foreign corporation, Appellant,
v.
LEVINE & PARTNERS, P.A., a Florida Professional Association, Appellee.
No. 3D03-38.
District Court of Appeal of Florida, Third District.
June 4, 2003.
*1187 Byrd and Murphy and James O. Murphy, Jr. (Fort Lauderdale), for appellant.
Manuel F. Fente and Robert J. Levine, Miami, for appellee.
Before SCHWARTZ, C.J., and LEVY and FLETCHER, JJ.
SCHWARTZ, Chief Judge.
The defendant carrier appeals from a summary judgment in favor of the plaintiff insured, a Miami-Dade county law firm, in an action on an Employee Dishonesty Optional Coverage endorsement to a comprehensive policy of insurance issued to the firm. The endorsement provided coverage for up to $50,000 in losses caused by defalcations of key employees, including its longtime and long trusted bookkeeper, a Ms. Stewart. It is undisputed that Ms. Stewart embezzled a great deal of money from the firm during the late 1990's. It is also undisputed, however, both that the coverage period of the endorsement ended on June 30, 1999 and that Ms. Stewart's dishonesty was not discovered by the firm until October 2001. Because the claim in question was therefore indisputably barred under the provision of the endorsement that
We will pay only for covered loss discovered within 90 days after the end of the coverage period or cancellation date of this insurance.
we reverse the judgment below.
No more need be said or cited in support of this conclusion than the familiar rule that, in common with all contracts, an insurance policy must be enforced in accordance with its unambiguous terms, Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732 (Fla.2002); Deni Associates of Florida, Inc. v. State Farm Fire & Cas. Ins. Co., 711 So.2d 1135 (Fla.1998); State Farm Fire and Cas. Co. v. Castillo, 829 So.2d 242 (Fla. 3d DCA 2002).
Moreover, no possible "exception" to this abiding principle applies here. First, contrary to the trial judge's view, there is nothing contrary to any known "public policy" in the controlling provision, which is common to fidelity policies of this kind. Southeast Bakery Feeds, Inc. v. Ranger Ins. Co., 974 S.W.2d 635 (Mo.App. E.D. 1998); First Sec. Bank & Trust v. New Hampshire Ins. Co., 232 Neb. 493, 441 N.W.2d 188 (1989); Dunbar v. National Sur. Corp., 140 Neb. 833, 2 N.W.2d 116 (1942); see Story v. First Nat. Bank & Trust Co., 115 Fla. 436, 439, 156 So. 101, 102 (1934)("public policy ... [is] a very unruly horse, and, when once you get astride it, you never know where it will carry you").
Second, because the terms of an endorsement such as the one sued upon control over anything purportedly to the contrary in any other insuring agreement, Steuart Petroleum Co., Inc. v. Certain Underwriters at Lloyd's London, 696 So.2d 376 (Fla. 1st DCA 1997), review dismissed, 701 So.2d 867 (1997); Johnson v. Center Mut. Ins. Co., 529 N.W.2d 568 (N.D.1995); A & S Fuel Oil Co., Inc. v. Royal Indemnity Co., Inc., 279 N.J.Super. 367, 652 A.2d 1236 (1995), cert. denied, 141 N.J. 98, 660 A.2d 1196 (1995); Zurich Ins. Co. v. Bouler, 198 So.2d 129 (La.App. 1 Cir.1967); 2 Couch on Insurance 3d § 21:22 (2003), it is irrelevant that the "discovery" clause may be contrary to the liability portions of the policy to which the endorsement was attached.[1]Compare Dyer v. Nationwide Mut. Fire Ins. Co., 276 So.2d 6 *1188 (Fla.1973)(conflict with same insuring agreement must be resolved in favor of insured); Government Employees Ins. Co. v. Burak, 373 So.2d 89 (Fla. 3d DCA 1979)(same).
Finally, the clause has no effect on the applicable statute of limitations for bringing suit on the policy and therefore is not barred by section 95.03, Florida Statutes (2001)("Any provision in a contract fixing the period of time within which an action arising out of the contract may be begun at a time less than that provided by the applicable statute of limitations is void."). See Independent Life & Acc. Ins. Co. v. Nixon, 111 Fla. 167, 149 So. 16 (1933); Prudential Ins. Co. v. Prescott, 115 Fla. 365, 156 So. 109 (1933); Lyons v. National Surety Co., 243 Mo. 607, 147 S.W. 778 (1912); 11 Couch on Insurance 3d § 160:94 (2003); 35 Fla. Jur.2d Limitations and Laches § 10 (2003).
For these reasons, the summary judgment is reversed with directions to enter one for the carrier.
Reversed.
NOTES
[1] Indeed, the insured's attempts to develop some analogy or conflict between the terms of this fidelity policy and the "occurrence" or "claims made" provisions of a liability policy, see Gulf Ins. Co. v. Dolan, Fertig & Curtis, 433 So.2d 512 (Fla.1983), are so strained that the usual apples and oranges metaphor is insufficient. Comparing daisies and whales would be more like it.