904 So.2d 470 (2005)
AEROTHRUST CORPORATION and Sunshine Hoist & Steel Erectors, Inc., Appellants,
v.
GRANADA INSURANCE COMPANY, Appellee.
Nos. 3D04-2477, 3D04-2384.
District Court of Appeal of Florida, Third District.
May 4, 2005.
*471 McDonald & McDonald and David M. McDonald; Levey, Airan, Brownstein, Shevin, Friedman, Roen & Kelso and John R. Kelso, Miami, for appellants.
Josephs, Jack & Miranda and Susan S. Lerner, Miami, for appellee.
Before LEVY, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
Aerothrust Corporation (Aerothrust) and Sunshine Hoist and Steel Erectors, Inc. (Sunshine) appeal a final summary judgment entered in favor of Granada Insurance Company (Granada). We affirm.
Sunshine inspected and maintained hoists which were owned by Aerothrust and located at Aerothrust's facility. Five months after the inspection, Aerothrust was using one of the hoists that had been inspected by Sunshine to lower a jet engine, when the hoist failed and the engine was dropped and damaged. Aerothrust paid the owner of the engine for the damages, then sued Sunshine to recover what it had paid, alleging that Sunshine failed to properly inspect the hoist and ensure that the proper type of bolt and nut were used on the hoist. Granada, Sunshine's insurer, then filed the action now on appeal for a declaratory judgment to determine its duty to defend and indemnify.
Sunshine's insurance policy with Granada contained a "products-completed operations" exclusion and a professional services exclusion. The "products-completed operations" exclusion provides, "This insurance does not apply to `bodily injury' or `property damage' included within the `products completed operations hazard.'" The "products-completed operations hazard" is defined as including all property *472 damage occurring away from the insured's premises arising out of the insured's work except "Work that has not yet been completed or abandoned." The professional services exclusion provides, in part, that the insurance does not apply to property damage that occurs "due to rendering or failing to render any professional services or treatments." Pursuant to both of these exclusions, the lower court entered a final summary judgment in favor of Granada, finding that Granada had no duty to defend or indemnify Sunshine. This appeal follows.
The trial court's interpretation of a contract is a question of law, and our review is de novo. J.S.U.B., Inc. v. U.S. Fire Ins. Co., 906 So.2d 303, 2005 WL 623234 (Fla. 2d DCA Mar. 18, 2005). The contract at issue contains a professional services exclusion, which the trial court found excluded coverage for the damages sustained. The appellant argues that the professional services exclusion does not apply to the inspection and maintenance work performed by Sunshine. We agree. The professional service exclusion provides that the policy does not apply to property damage due to the rendering or failure to render professional services or treatments and provides a non-exclusive list of services which are included within the exclusion. The list includes legal, accounting, or advertising services; engineering, drafting, surveying, or architectural services; supervisory, inspection, or appraisal services; medical services; cosmetic services; testing or consulting services; and data processing or computer programming services.
Under the doctrine of noscitur a sociis, a word is known by the company it keeps, and one must examine the other words used in a string of concepts to derive the drafters' intent. See Nehme v. Smithkline Beecham Clinical Laboratories, 863 So.2d 201, 205 (Fla.2003). It is apparent from the types of services listed that the services which are meant to be excluded as professional are those which require specialized training. This is consistent with the general definition of "professional." See Black's Law Dictionary 1246 (8th ed. 2004) (defining "professional" as "[a] person who belongs to a learned profession or whose occupation requires a high level of training and proficiency.") Therefore, in accordance with the doctrine of noscitur a sociis, although the exclusionary list includes "inspection ... services," only those inspection services which require specialized training should be considered professional services. In an affidavit, Sunshine's president stated that personnel who perform inspections on cranes and hoists such as those performed by Aerothrust are not required to have any specialized training or experience, or even a college or high school diploma. He further stated that there is no entity that certifies or accredits people who perform such inspections, or that regulates or sets forth standards for such personnel. Under these circumstances, the inspection and maintenance of hoists is not a professional service within the meaning of the professional services exclusion. Therefore, we conclude that the professional services exclusion does not exclude coverage for the damages which Aerothrust sustained.
We, however, do agree with Granada that the products-completed operations exclusion does exclude coverage for the damages sustained by Aerothrust. As noted above, the "products-completed operations hazard" is defined to include damages arising from all work except work that has not been completed or abandoned. Therefore, it includes damages arising from completed work. The "products-completed *473 operations exclusion" provides that the insurance does not cover any damages included in the "products-completed operations hazard." Therefore, the insurance does not cover damages arising from completed work. The damages that Aerothrust alleges that Sunshine caused, resulted from the work that Sunshine completed five months prior to the accident. Therefore, the "products-completed operations exclusion" excludes coverage for the damages at issue.
As the damages at issue are not covered based on the plain language of the products-completed operations exclusion of the insurance contract, we affirm the trial court's entry of final summary judgment in favor of Granada, which found that Granada had no duty to defend or indemnify Sunshine. See Fireman's Fund. Ins. Co. v. Levine & Partners, P.A., 848 So.2d 1186, 1187 (Fla. 3d DCA 2003) (holding that "an insurance policy must be enforced in accordance with its unambiguous terms").
Affirmed.