[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 5, 2006
THOMAS K. KAHN
CLERK

No. 06-12928
Non-Argument Calendar

_____

D. C. Docket No. 04-00400-CV-4-SPM-AK

EVANSTON INSURANCE COMPANY,
an Illinois Corporation,

                                             Plaintiff-Appellant,

                        versus

BUDGET GROUP INC.,
a Florida Corporation,
JAYNE POTTS, as Personal Representative of the
Estate of William E. Potts, Mary Potts and Anna Potts,

                                             Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(October 5, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's order on cross-motions for summary judgment wherein the district court granted summary judgment in favor of the appellees and against the appellant, Evanston Insurance Company ("Evanston"), in a declaratory judgment action brought by Evanston to determine insurance coverage.

The issue presented in the district court and on appeal is whether the commercial general liability policy that Evanston issued to the Budget Group, Inc., ("Budget") provides coverage for a wrongful death suit against Budget, by Jane Potts ("Potts"), as personal representative of the estates of Dr. William E. Potts, Mary Potts and Anna Potts.[1]

In the underlying action, Jane Potts, as personal representative of the estates of Dr. William E. Potts, Mary Potts and Anna Potts sued various defendants for negligence which proximately caused the death of Dr. Potts and his daughters.

Evanston issued a commercial general liability policy to Budget. The policy contained two exclusions – one is a standard auto-use exclusion. The other one is a professional liability exclusion. In its summary judgment order, the district court determined that neither exclusion applied to exclude coverage for Potts's loss.

_____

[1]Dr. Potts and his daughters were tragically killed in an automobile accident.

2

We review *de novo* a district court's grant of summary judgment. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1279 (11th Cir. 2004). We will affirm the summary judgment entered for Potts if there is no genuine issue of material fact and Potts is entitled to summary judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). In this case, the parties stipulate that there are no genuine issues of material fact.

The law in Florida is that insurance coverage must be construed broadly and its exclusions narrowly. *Demshar v. AAACon Auto Transport, Inc.*, 337 So.2d 963, 965 (Fla. 1976). Moreover, insurance contracts are to be construed most strongly against the insurer and liberally in favor of the insured. *Hartnett v. Southern Ins. Co.*, 181 So.2d 524, 528 (Fla. 1965).

Taking the auto exclusion first, we conclude that it only applies when the auto is owned or operated by or rented or loaned to any insured. First, Budget did not own the 15-passenger van at the time of the accident. It is undisputed that the van was owned by a separate company called P.C. Rental, Inc. Second, the van was not operated by Budget. It was being operated by Dr. William E. Potts at the time of the accident. Third, the van was not rented to Budget. The van was rented to Dr. William E. Potts. Finally, the van was not loaned to Budget or to any one at all at the time of the accident. Given the qualifiers included in the plain language

3

of the auto exclusion, we agree with the district court's finding that the exclusion cannot be applied to bar coverage for Potts's claim.

With respect to the professional liability exclusion, the exclusion precludes claims "arising out of the rendering of or for failure to render any professional services and the conduct of the insured's business." The term "professional" refers to persons who belong to a learned profession or whose occupations require a high level of training and proficiency. *See Aerothrust Corp. v. Granada Ins. Co.*, 904 So.2d 470, 472 (Fla. Dist. Ct. App. 2005). We agree with the district court's finding that renting vehicles to the public is not a professional service. The cases cited by Evanston in its brief demonstrate that the exclusion has been applied to attorneys, psychiatrists, and medical technicians, but there are no cases applying the provision in the context of an auto-rental like we have in the present case.

For the foregoing reasons, we affirm the district court's grant of Potts's motion for summary judgment and the denial of Evanston's motion for summary judgment.

AFFIRMED.