SCHEB, Acting Chief Judge.
The trial court awarded a money judgment to G. William Lazenby, M.D., P.A., because of Florida Physicians Insurance Company’s refusal to defend the professional association after one of its physicians was dismissed from a malpractice suit. Florida Physicians appeals. We reverse.
Florida Physicians issued a claims-made liability policy with G. William Lazenby, M.D. as the only named insured. The policy provided individual professional liability coverage for Dr. Lazenby. It also provided coverage for his professional association, G. William Lazenby, M.D., P.A.; however, that coverage was specifically limited to “damages resulting from the providing or withholding of professional services by [Dr. Lazenby] individually.” The policy specifically provided that it did not protect the professional association “for acts of any other members of the ... professional association.”
Beverly Levine filed a medical malpractice suit alleging negligence against the P.A., Dr. Lazenby, and Dr. David S. Roth-berg, an associate physician in the P.A. defended by another insurer carrier. Florida Physicians furnished legal counsel for Dr. Lazenby and the P.A. During the course of the litigation, counsel for Ms. Levine and counsel furnished by Florida Physicians entered into a joint stipulation dismissing Dr. Lazenby individually from the action. The court entered an order dismissing Dr. Lazenby from the suit with prejudice, and the style of the case was amended to delete him as a defendant.
At that point, Florida Physicians notified Dr. Lazenby that the company would not provide any further defense or coverage to the P.A. The reason given was that the P.A. had coverage only to the extent that the complaint alleged negligence against Dr. Lazenby individually, and since he had been dismissed from the action, the company concluded that its obligation had been fulfilled.
Thereafter, the P.A. retained counsel to represent it during the remainder of the malpractice suit, thereby incurring attorneys fees and other costs. The P.A. filed a declaratory action against Florida Physicians seeking reimbursement for those fees and costs. The trial court held that Florida Physicians improperly refused to defend the P.A. after Dr. Lazenby was dismissed individually, and awarded the P.A. $28,139.69, the amount agreed upon as damages in the event it prevailed. We think the trial court erred in holding that the policy required Florida Physicians to defend the professional association after Dr. Lazenby was no longer a defendant.
A liability insurer’s duty to defend is governed by the allegations in the complaint. Nat’l Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla.1977); Ins. Co. of North America v. Querns, 562 So.2d 365 (Fla. 2d DCA 1990). Where, as here, the complaint is amended to allege facts that bring the action outside the scope of the policy coverage, the insurer’s duty to defend ends. Barron Oil Co. v. Nationwide Mutual Fire Ins. Co., 470 So.2d 810 (Fla. 1st DCA 1985); Hartford Ins. Co. of the Southeast v. City of Sanibel, 500 So.2d 581 (Fla. 2d DCA 1986).
As noted, the policy issued to Dr. Lazen-by only covered the P.A. for “damages resulting from the providing or withholding of professional services by [Dr. Lazenby] individually.” The policy specifically stated that the association “is not protected for acts of any other members of the ... professional association.”
Florida Physicians properly defended the P.A. based on the allegations of Ms. Levine’s original complaint, which included allegations of negligence against Dr. Laz-enby. However, once it was amended to delete any allegation of negligence on the part of Dr. Lazenby individually and he was no longer a defendant, Florida Physicians had no further obligation to defend the P.A.
*796 Accordingly, we vacate the judgment in favor of G. William Lazenby, M.D., P.A. and remand with directions to enter judgment in favor of Florida Physicians Insurance Company.
DANAHY and CAMPBELL, JJ., concur.