696 So.2d 376 (1997)
STEUART PETROLEUM COMPANY, INC., Appellant,
v.
CERTAIN UNDERWRITERS AT LLOYD'S LONDON and London Market Insurance Companies, Appellees.
No. 96-2706.
District Court of Appeal of Florida, First District.
April 18, 1997.
Rehearing Denied July 10, 1997.
*377 Tim E. Sleeth and Earl E. Googe, Jr. of Smith, Hulsey & Busey, Jacksonville; Jerold Oshinsky and Lois Casaleggi Wolf of Dickstein, Shapiro, Morin & Oshinsky, L.L.P., Washington, DC, for Appellant.
R. Dennis Withers of Robins, Kaplan, Miller & Ciresi, Atlanta, GA; William T. Stone of Cole, Stone & Stoudemire, Jacksonville, for Appellees.
PER CURIAM.
Steuart Petroleum appeals two final summary judgments determining that Steuart was not entitled to recover under its insurance contract with Lloyd's for (1) expenses for firefighting foam used to extinguish a massive five day fire or for (2) the amount of Steuart's settlement with the City of Jacksonville for extraordinary firefighting services. We affirm without discussion as to the second issue and reverse as to the first issue.
Steuart owned and operated a petroleum storage facility in Jacksonville, Florida. In January, 1993, a massive gasoline fire began in one of the tanks at the facility. The fire was extinguished after burning for almost five days. When the fire began, Steuart had on its premises fire fighting foam worth $15,985.00. In order to extinguish the fire, Steuart had to bring in additional foam valued at $768,691.00. Lloyd's accepted Steuart's claim for the foam valued at $15,985.00, but denied the claim for the remainder of the foam based on the foam loss assumption clause contained in the policy of insurance.
In Steuart's complaint against Lloyd's, it alleged Lloyd's had agreed to indemnify Steuart for loss and damage to covered property resulting from "all risks of direct physical loss or damage" except those expressly excluded or limited, and that loss or damage by fire is not expressly excluded or limited, therefore the policy insures against property loss or damage by fire up to $25,000,000.[1] Steuart further alleged that the policy contained *378 a "sue and labor" clause which required Steuart to "sue, labor, and travel, or in and about the defense, safeguard and recovery or the property insured,"[2] and that the policy contained an endorsement for "expenses to reduce loss" which covers expenses necessarily incurred to reduce loss although such expenses may not exceed the amount of the loss reduced. Steuart alleged that the foam expenditure was necessary to extinguish the fire and prevent its spread to other tanks valued at over $8 million, and that Lloyd's failure to pay that portion of the loss constituted a breach of its obligation under the policy's coverage provisions, sue and labor clause, and endorsement no. 3 for amounts necessarily incurred to prevent greater loss.
In its second amended answer denying coverage of the disputed expense, Lloyd's asserted, basically, that the terms and conditions of the policy speak for themselves, and when read as a whole, the policy only covered the foam that was on the premises at the time the fire originated. Lloyd's asserted that the "expenses to reduce loss" provision was not actually an endorsement as it was issued along with the policy.
Steuart filed a motion for summary judgment, and Lloyd's filed a cross-motion for partial summary judgment as to the fire extinguishing foam, asserting the "foam loss assumption clause" limited coverage to the value of the foam on the premises when the fire originated, that none of the other clauses superseded this foam assumption clause, and that if any ambiguity existed, it should be construed against Steuart as the drafter of the policy through its insurance brokers. Lloyd's admitted that the foam expense was incurred by Steuart to defend, safeguard, save, and preserve the storage facility, and that it was incurred for the purpose of reducing the loss.
The trial court granted Lloyd's motion for partial summary judgment on the excess foam issue, finding that the foam loss assumption clause controlled, and that the expenses to reduce loss clause did not supercede the foam loss clause. The court found it immaterial whether the expense to reduce loss clause was a subsequent endorsement since the clauses were not in conflict, as they did not deal with the same subject matter, and the foam loss clause specifically limited liability to foam on the premises when the fire originated. Further, the expenses to reduce loss clause was a general clause, and the two clauses could be reconciled and given effect. There were no genuine issues of material fact as to foam extinguishing expenses, rather, the issue was one of law.
Appellant's argument on appeal is basically that the policy, considered as a whole, including endorsements, covers the disputed foam expense because the expenses to reduce loss endorsement and the foam loss assumption clause both deal with loss reduction expenses, and the two are in conflict, therefore the clause providing greater coveragethe expenses to reduce loss provisionprevails. Appellant also contends that the expenses to reduce loss endorsement reversed prior language in the policy, and that the foam loss clause need not be read to limit the expenses to reduce loss endorsement in order to have meaning. Appellant points out that Lloyd's admitted the balance of the foam was an expense incurred to reduce loss, and witnesses for Lloyd's agreed the expenses to reduce loss endorsement alone would cover the foam. Further, the expense was incurred to protect the insured property, so it was in accord with the sue and labor clause.
Appellee responds that the expenses to reduce loss clause does not extend liability to cover foam costs beyond what is set forth in the foam loss assumption clause, and the two clauses do not conflict. Appellee contends that when all provisions are given effect, and any apparent inconsistencies reconciled, the foam clause expressly limits recovery to the value of foam located on the premises at the *379 time the fire originated. Further, appellee argues, the expenses to reduce loss clause was not truly an endorsement, but part of the original policy, so even if there were an inconsistency, that clause would not take precedence over the foam loss clause.
The following language is contained in the main body of the policy:
FOAM LOSS ASSUMPTION CLAUSE
In consideration of the rate of premium at which this policy is written, Underwriters shall be liable for the loss to foam or other fire extinguishing materials lost, expended, or destroyed in fighting fire, involving property insured hereunder, including the loss to similar material which may be brought on the premises for the purpose of extinguishing fire already in progress at the time such materials are ordered and delivered, but the liability shall not exceed the combined value of such extinguishing materials which are on the premises, or on adjacent premises if such materials are jointly owned, at the time the fire originates.
The following language appears on a separate page appended to the policy:
ENDORSEMENT NO. 3
EXPENSES TO REDUCE LOSS
This policy covers such expenses as are necessarily incurred for the purpose of reducing any loss under this policy, though such expense may not exceed the amount which the loss under this policy is thereby reduced.
All other terms and conditions remain unchanged.
Interpretation of a contract is a matter of law, with regard to which the appellate court is on equal footing with the trial court. See Ballantyne v. Ballantyne, 666 So.2d 957 (Fla. 1st DCA 1996). "We are bound to assign to contract provisions the meaning that would be attached to them by an ordinary person of average understanding," Nugget Oil, Inc. v. Universal Security Insurance Co., 584 So.2d 1068, 1070 (Fla. 1st DCA 1991), citing United States Fidelity & Guaranty Co. v. Rood Investments, Inc., 410 So.2d 1373, 1374 (Fla. 5th DCA 1982). We conclude that both the foam loss assumption clause and the expenses to reduce loss clause deal with the subject of loss reduction expenses and that they are in conflict, therefore the clause affording greater coverage will prevail. See Government Employees Insurance Co. v. Burak, 373 So.2d 89 (Fla. 3d DCA 1979)(when two provisions in an insurance policy deal with the same subject matter, the one affording greater coverage will prevail). The foam expense required to extinguish this massive five day fire was unquestionably an expense necessarily incurred to reduce loss. In addition, in general, to the extent an endorsement is inconsistent with the body of the policy, the endorsement controls. See generally 13A John A. Appleman and Jean Appleman, Insurance Law & Practice §§ 7537-8 (1976). We are not persuaded by appellee's assertion that the provision labeled "endorsement" was not an endorsement.[3] It does not appear to be unusual for an endorsement to be attached before delivery of the policy; See id. Further, we believe the cases appellee relies on, Excelsior Insurance Co. v. Pomona Park Bar & Package Store, 369 So.2d 938 (Fla.1979), and Nugget Oil, supra, are distinguishable in that they did not involve endorsements.
AFFIRMED in part, REVERSED in part and REMANDED for further consistent proceedings.
BOOTH, JOANOS and WOLF, JJ., concur.
NOTES
[1] COVERAGE: PERILS INSURED AGAINST

This policy covers the property insured hereunder against all risks of direct physical loss or damage occurring during the period of this policy from any external cause, except as hereinafter excluded.
[2] SUE AND LABOR

In the event of any loss or damage insured against, it shall be lawful and necessary for the Insured, his or their factors, servant and assigns, to sue, labor and travel or, in and about the defense, safeguard and recovery of the property insured hereunder, or any part thereof, without prejudice to this insurance, nor shall the acts of the Insured or Underwriters, in recovering, saving and preserving the property insured in case of loss be considered a waiver or an acceptance of abandonment.
[3] We are not convinced that this interpretation renders the foam loss clause meaningless. We believe there could be other circumstances in which "foam or other fire extinguishing materials" could be lost or expended. In any case, we believe the principles regarding conflicting provisions and endorsements control.