875 So.2d 750 (2004)
FAMILY CARE CENTER, P.A., Appellant,
v.
TRUCK INSURANCE EXCHANGE, Appellee.
No. 4D03-295.
District Court of Appeal of Florida, Fourth District.
June 16, 2004.
Rehearing Denied June 16, 2004.
*751 Richard M. Benrubi and Jeffrey M. Liggio of Liggio, Benrubi & Williams, P.A., West Palm Beach, and Philip M. Burlington of Philip M. Burlington, P.A., West Palm Beach, for appellant.
Mark Hicks, Jean Kneale and Dinah Stein of Hicks & Kneale, P.A., Miami, for appellee.
KLEIN, J.
We withdraw the opinion issued on March 31, 2004 and replace it with this opinion.
The medical malpractice insurance policy issued by the appellee insurer provided coverage only for Dr. Dean and her employer, the Family Care Center, which was an additional insured. Another physician employed by Family Care, Dr. Stine, was sued for malpractice, and the issue is whether Family Care is an insured under this policy for the claim against Dr. Stine. We affirm a summary judgment determining that there was no coverage, but reverse for Family Care to proceed on an amendment alleging estoppel.
Family Care required each of its physicians to carry malpractice insurance and *752 Dr. Stine, who was allegedly negligent, was covered by a different insurer which settled with the claimant. Additional coverage was claimed under this policy, and during the statutory presuit medical malpractice proceedings, this insurer provided a defense to represent Family Care. Soon after the termination of the presuit proceedings, however, the insurer denied coverage and withdrew its defense. Family Care then entered into a consent judgment for $1 million with the claimant which provided that the claimant would not seek to collect against Family Care Center. Claimant agreed to seek satisfaction only from this insurer.
Family Care's coverage argument relies on the first page of the policy which limited the coverage to "claims that are first made against you or any other protected person." The introduction to the policy provides that "other insured parties may be identified in amendments attached to this policy and will be referred to in the policy as `Protected Persons.'"
An endorsement provided the following:
PROFESSIONAL CORPORATION/ASSOCIATION AS AN ADDITIONAL INSURED
It is understood and agreed that such insurance as is afforded by this Policy shall apply to:
FAMILY CARE CENTER, P.A.
as an additional insured (including any Executive officer, Director, Stockholder, or Shareholder thereof while acting within the scope of his duties as such) but only as respects professional services rendered or which should have been rendered by any Protected Persons named in this policy.

Section III of the policy, entitled "What this policy covers" provides coverage for Dr. Dean, but states:
Also, your coverage will not apply for acts of a member of your partnership, corporation, or professional association, simply because he or she is a member of your organization. It is necessary that each member, partner, or shareholder be individually insured.
Family Care's argument is that by virtue of the endorsement, Family Care became an additional insured and was therefore a "protected person" under the introductory language quoted above. This, Family Care argues, creates an ambiguity.
We do not agree with the ambiguity argument, as it is clear that, when all of the provisions are read together, Family Care is an additional insured only for medical treatment rendered by Dr. Dean. Fla. Physicians Ins. Co. v. Lazenby, P.A., 576 So.2d 794 (Fla. 2d DCA 1991); Caduceus Self Ins. Fund v. S. Fla. Emergency Physicians, 436 So.2d 1034 (Fla. 3d DCA 1983).
Even if there were an ambiguity between the endorsement and the body of the policy, the endorsement, which is clear, controls. Fireman's Fund Ins. Co. v. Levine & Partners, P.A., 848 So.2d 1186 (Fla. 3d DCA 2003); Steuart Petroleum Co. v. Certain Underwriters at Lloyd's London, 696 So.2d 376 (Fla. 1st DCA 1997). Accordingly, Family Care is not an insured for this claim under the policy.
The estoppel argument, which we now address, was not initially included in the pleadings. On the eve of the summary judgment hearing on coverage, Family Care filed a motion to amend its pleadings to include a claim that the insurer was estopped from denying coverage, based on conduct during the time it initially provided *753 a defense. The trial court denied the motion to amend, because the proposed amendment did not allege any facts which could constitute estoppel, and granted the motion for summary judgment. Family Care moved for rehearing on estoppel and filed an affidavit by counsel asserting specific factual allegations involving decisions made by the insurer while furnishing a defense which were prejudicial to Family Care's ability to defend after the insurer denied coverage.
The estoppel theory was explained in Doe v. Allstate Insurance Co., 653 So.2d 371, 374 (Fla.1995), as follows:
Thus, when the insurer undertakes the defense of a claim on behalf of one claiming to be an insured, we have recognized substantial duties on the part of both the insurer and the insured. If an insurer erroneously begins to carry out these duties, and the insured, as required, relies upon the insurer to the insured's detriment, then the insurer should not be able to deny the coverage which it earlier acknowledged. However, we clearly state that the insured must demonstrate that the insurer's assumption of the insured's defense has prejudiced the insured. It is the fact that the insured has been prejudiced which estops the insurer from denying the indemnity obligation of the insurance policy.
The insurer argues that the trial court properly denied the amendment as futile, because the facts alleged in the affidavit supporting the motion for rehearing were insufficient as a matter of law to amount to estoppel. The insurer argues that estoppel to deny coverage is limited only to situations surrounding the procurement of insurance, citing State Farm Mutual Automobile Insurance Co. v. Hinestrosa, 614 So.2d 633 (Fla. 4th DCA 1993), and Aetna Casualty & Surety Co. v. Deluxe Systems, Inc. of Florida, 711 So.2d 1293 (Fla. 4th DCA 1998). The issue in Hinestrosa was whether the insurer was precluded from denying coverage because of the failure of the insurer to comply with a claims administration statute. Hinestrosa is accordingly distinguishable, and any language in Hinestrosa which would limit estoppel to conduct involved in the procurement of insurance must be read in light of the facts, as well as our supreme court's decision in Doe, which came after Hinestrosa. Doe makes it clear that estoppel to deny coverage can be based on conduct occurring after the insurer undertakes the defense of a claim. Aetna Casualty, which quoted Hinestrosa, is also factually distinguishable in that the insurer denied coverage from the very beginning.
Although a number of Florida cases have addressed both estoppel by conduct in the procurement of insurance, Crown Life Insurance Co. v. McBride, 517 So.2d 660 (Fla.1987), and estoppel in defending a liability claim, Doe, only two discuss specific facts which could constitute estoppel after the undertaking of a defense in a liability case. In Florida Municipal Insurance Trust v. Village of Golf, 850 So.2d 544 (Fla. 4th DCA 2003), rev. granted, 861 So.2d 429 (Fla.2003), before denying coverage, the insurer undertook the duty to investigate and negligently failed to preserve evidence which could have absolved the insured from liability. In Florida Physicians Insurance Co. v. Stern, 563 So.2d 156 (Fla. 4th DCA 1990), the insurer's delay in informing the insured that there was no coverage resulted in the insured suffering monetary damages in that the insured, in reliance on the insurer's conduct, failed to timely pursue coverage under a different policy.
In Doe our supreme court explained that the estoppel theory may be used to create insurance coverage, where there is none, if *754 a refusal to do so "would sanction fraud or other injustice." Doe, 653 So.2d at 373 (quoting McBride, 517 So.2d at 662). Although the facts alleged as constituting estoppel may, in the end, amount to no more than tactical decisions made in good faith, or be too speculative, we cannot agree with the insurer that the amendment would be futile as a matter of law. The amendment should therefore have been permitted. Hart Props., Inc. v. Slack, 159 So.2d 236 (Fla.1963) (where a summary judgment should be granted, but there is an indication that the opposing party may have a cause of action or defense which has not been pled, the proper procedure is to grant the motion for summary judgment with leave to amend).
We therefore affirm the summary judgment determining that Family Care was not an insured under the policy for this claim, but remand for further proceedings on the estoppel theory.
Family Care has moved for attorney's fees, conditioned on ultimately prevailing, which is grounded on section 627.428, Florida Statutes (2002). We deny the motion because Family Care is not an insured as the statute requires.
Section 627.428 provides that fees shall be awarded if there is a judgment "against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer." The statute authorizes fees only to the insured or beneficiary. Danis Indus. Corp. v. Ground Improvement Techniques, Inc., 645 So.2d 420 (Fla.1994). Because the statute is in derogation of the common law, it must be strictly construed. Pepper's Steel & Alloys, Inc. v. U.S., 850 So.2d 462 (Fla.2003).
In the present case the trial court determined that Family Care is not an insured under the policy for this claim, and we affirmed. If Family Care does prevail on estoppel, it will not be prevailing as an insured, and accordingly will not be entitled to fees under section 627.428.
Family Care argues that our having granted a motion for appellate attorney's fees in Florida Municipal Insurance Trust v. Village of Golf, 850 So.2d 544 (Fla. 4th DCA 2003), requires the granting of fees in this case in order for our decisions to be consistent. We did not, in Florida Municipal, address fees in our opinion, but we did grant the motion, contingent on the insured ultimately prevailing. As our opinion in Florida Municipal shows, however, the prevailing party on that appeal was an insured who was asserting that the insurer was estopped from relying on a pollution exclusion. Florida Municipal is accordingly distinguishable.
Reversed.
POLEN and HAZOURI, JJ., concur.