# Third District Court of Appeal

## State of Florida

Opinion filed October 26, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-999
Lower Tribunal No. 15-294 M

_____

**Allstate Fire and Casualty Insurance Company,**
Appellant,

vs.

**Joseph Hradecky, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

Walton Lantaff Schroeder & Carson LLP and John P. Joy and Sara M. Sandler (Fort Lauderdale), for appellant.

Keller, Keller & Caracuzzo, P.A. and David M. Lores (West Palm Beach); Purdy, Jolly, Giuffreda & Barranco, P.A. (Fort Lauderdale) and Summer M. Barranco (Fort Lauderdale), for appellees.

Before SHEPHERD, LAGOA, and FERNANDEZ, JJ.

LAGOA, J.

Allstate Fire and Casualty Insurance Company ("Allstate") seeks review of

the trial court's order denying Allstate's motion to dismiss Count II of Plaintiff,

Joseph Hradecky's ("Hradecky"), complaint based on improper venue.[1]  Because the plain and unambiguous language of the Endorsement contains a mandatory forum selection clause for bringing any suit for UM benefits in Pennsylvania, we reverse the trial court's order and remand.

I.       FACTUAL AND PROCEDURAL HISTORY

Allstate issued a personal automobile policy to Hradecky (the "Policy"). The policy period ran from November 15, 2014 until May 15, 2015, and provided for both Uninsured Motorists ("UM") and Underinsured Motorists ("UIM") coverage.   On November 19, 2014, Hradecky received an Amended Policy Endorsement (the "Endorsement"). Of relevance to this appeal, the address for Hradecky listed on the Policy Declarations page was 177 McKenzie Road, Clinton, Pennsylvania.

On December 3, 2014, Hradecky's motor vehicle was rear-ended by a vehicle driven by an officer of the Monroe County Sheriff's Office.  At the time of the accident, Hradecky's vehicle was covered by the Policy and its Endorsement.

Hradecky subsequently filed suit alleging two counts: Count I for Negligence against Rick Ramsay, as Sheriff of Monroe County, Florida; and Count II for Negligence against Allstate.[2]

---

[1] Count II is the only claim alleged against Allstate.

[2] Although Hradecky styled Count II of the Amended Complaint as a negligence claim, a review of the allegations shows that the claim is one for failure to pay contractual UM benefits under the Policy, i.e., a claim for breach of contract. Count II of the Amended Complaint asserts that "Hradecky had in effect [at the time] an uninsured/underinsured motorist insurance policy with Defendant

Allstate filed a Motion to Dismiss Count II of Plaintiff's Amended Complaint, arguing that dismissal was required based on the following mandatory forum selection clause contained in the Endorsement titled "Pennsylvania Auto Amendatory Endorsement":

> **The following endorsement changes your policy. Please read this document carefully and keep it with your policy.**
>
> . . . .
>
> II.    In **Part 3, Uninsured Motorists Insurance** and **Underinsured Motorists Insurance**, the following changes are made:
>
> . . . .
>
> E. In **Uninsured Motorists Insurance**, the **If We Cannot Agree** provision is replaced by the following:
>
> **If We Cannot Agree**
> If the insured person and **we** do not agree on that person's right to receive damages or on the amount, then upon mutual consent, the disagreement will  be settled by arbitration. Unless **you** and **we** agree otherwise, arbitration will take place in the county in which **your** address shown on the Policy Declarations is located.  If the insured person and **we** do not agree to arbitrate, then the disagreement will be resolved in a court of competent jurisdiction.  Any and all lawsuits related in any way to this coverage shall be brought, heard, and decided in the county in which **your** address shown on the Policy Declarations is located.

(emphasis in original).

---

[Allstate] which would inure to the benefit of the Plaintiff Joseph Hradecky, in that, Defendant, Rick Ramsay, as Sheriff of Monroe County, Florida, is uninsured."

In its Motion, Allstate asserted that Monroe County, Florida was an improper venue for Hradecky's UM claim and that, based on Hradecky's address listed on his Policy Declarations page, the Endorsement's forum selection clause required Hradecky to bring suit in Allegheny County, Pennsylvania.

In response at the hearing, Hradecky argued that "it would be judicially uneconomical" to litigate his UM claim in Pennsylvania while continuing to litigate his negligence claim against the sheriff's office in Florida. Hradecky further argued that because the Endorsement conflicted with the venue clause in the Policy, the provision which provided greater coverage prevailed.

At the hearing on the Motion to Dismiss, the trial court agreed with Hradecky and specifically ruled "that in order for the endorsement to change the policy the way you [Allstate's counsel] are suggesting, it would have had to have referenced the general provision, as well. And it did not do that. And so it leaves the general provision in the policy intact, and it provides language which conflicts with that." In its subsequent written order, the trial court denied the motion "for the reasons stated in the record."

Allstate filed its Motion for Reconsideration of Allstate's Motion to Dismiss Count II of Plaintiff's Complaint, which the trial court denied without hearing. This appeal ensued.

II.  STANDARD OF REVIEW

4

We review de novo a trial court's order denying a motion to dismiss based on the interpretation of contractual forum selection clause. See Espresso Disposition Corp. 1 v. Santana Sales & Mktg. Grp., Inc., 105 So. 3d 592, 594 (Fla. 3d DCA 2013); see also State Farm Mut. Auto. Ins. Co. v. Menendez, 24 So. 3d 809, 810 (Fla. 3d DCA 2010) ("Because the interpretation of an insurance contract presents a question of law, this Court's standard of review is de novo."), quashed on other grounds, 70 So. 3d 566 (Fla. 2011).

III.  ANALYSIS

A.  ENDORSEMENTS PREVAIL OVER GENERAL INSURANCE POLICY

Under Florida law, an insurance policy is treated like a contract, and therefore ordinary contract principles govern the interpretation and construction of such policy. See Certain Interested Underwriters at Lloyd's London v. Pitu, Inc., 95 So. 3d 290 (Fla. 3d DCA 2012). In denying Allstate's Motion to Dismiss, the trial court specifically found that the general venue provisions of the Policy prevailed over the forum selection clause contained in the Endorsement. We find that the trial court erred in its finding.

The law in Florida is clear that to the extent an endorsement is inconsistent with the body of the policy, the endorsement controls. See Family Care Ctr., P.A. v. Truck Ins. Exch., 875 So. 2d 750, 752 (Fla. 4th DCA 2004) ("Even if there were an ambiguity between the endorsement and the body of the policy, the endorsement, which is clear, controls."); Fireman's Fund Ins. Co. v. Levine &

5

Partners, P.A., 848 So. 2d 1186, 1187 (Fla. 3d DCA 2003) (finding that "the terms of an endorsement such as the one sued upon control over anything purportedly to the contrary in any other insuring agreement"); Steuart Petroleum Co., Inc. v. Certain Underwriters at Lloyd's London, 696 So. 2d 376, 379 (Fla. 1st DCA 1997) (finding that "to the extent an endorsement is inconsistent with the body of the policy, the endorsement controls").

Here, the Endorsement modifies and amends the insurance contract with respect to forum selection. Specifically, the Endorsement states that "[a]ny and all lawsuits related in any way to this coverage shall be brought, heard, and decided in the county in which **your** address shown on the Policy Declarations is located." (emphasis in original). Moreover, "[e]ven if there were an ambiguity between the endorsement and the body of the policy, the endorsement, which is clear, controls." Family Care Ctr., 875 So. 2d at 752. Accordingly, we find that the trial court erred in finding that the Policy's endorsement language did not control.

B.      MANDATORY VS. PERMISSIVE FORUM SLECTION CLAUSES

Our analysis, however, does not end with the finding that the Endorsement's language controls, as we must consider whether the Endorsement's forum selection clause is mandatory or permissive. Whether a forum selection clause is mandatory or permissive depends on language indicating exclusivity. See Sonus-USA, Inc. v. Thomas W. Lyons, Inc., 966 So. 2d 992, 993 (Fla. 5th DCA 2007). If the forum selection clause states that any litigation must or shall be initiated in a specified

6

forum, the clause is mandatory. Absent such language, the clause is permissive. Id.

The Endorsement's forum selection clause states: "Any and all lawsuits related in any way to this coverage shall be brought, heard, and decided in the county in which **your** address shown on the Policy Declarations is located." (emphasis in original). Because the clause at issue specifically provides that litigation "shall be brought, heard, and decided" in a specified forum (in this case, the county for the address shown on Hradecky's Policy Declarations page), we find that the clause is mandatory. See Golden Palm Hosp. Inc. v. Stearns Bank Nat'l Ass'n, 874 So. 2d 1231, 1237 (Fla. 5th DCA 2004) (finding that use of the word "shall" in the documents is "indicative of a mandatory provision rather than one that is permissive").

Absent a showing that a mandatory forum selection clause is unreasonable or unjust, a trial court must enforce the clause. See Manrique v. Fabbri, 493 So. 2d 437, 440 (Fla. 1986); see also Farmers Group, Inc. v. Madio & Co., Inc., 869 So. 2d 581, 582 (Fla. 4th DCA 2004).

It is not enough to show that litigation in the forum would result in additional expense or inconvenience. Instead, a party challenging a mandatory forum selection clause as unreasonable or unjust must establish that trial of this case outside of Florida would be so gravely difficult and inconvenient that he will

7

for all practical purposes be deprived of his day in court. <u>See</u> <u>Manrique</u>, 493 So. 2d at 440 n.4; <u>see also</u> <u>Farmers</u>, 869 So. 2d at 583.

Here, the trial court made no finding that the Endorsement's mandatory forum selection clause was unreasonable or unjust. Nor could it have made such a finding, as Hradecky neither argued below that the Endorsement's clause was unreasonable or unjust, nor presented any evidence to that effect. Instead, Hradecky argued below that "it would be judicially uneconomical" to have him litigate his UM claim in Pennsylvania while litigating his negligence claim against the Sheriff's office in Florida.

Absent findings or record evidence establishing unreasonableness or unjustness of the forum selection clause, we cannot find that the clause at issue is invalid. <u>See</u> <u>Taurus Stornoway Invs., LLC v. Kerley</u>, 38 So. 3d 840, 843 (Fla. 1st DCA 2010) (finding forum selection clause valid absent any argument or record evidence establishing an unreasonable or unjust result).

III. <u>CONCLUSION</u>

Accordingly, for the reasons stated, we reverse the trial court's denial of Allstate's Motion to Dismiss Count II based on improper venue and we remand for entry of an order of dismissal.

Reversed and remanded for proceedings consistent with this opinion.