# Third District Court of Appeal

## State of Florida

Opinion filed March 17, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-164
Lower Tribunal Nos. 20-212 CC, 20-128 AP
_____

**Certain Underwriters at Lloyd's, London,
Subscribing to Policy No. HH03 61785,**
Appellant,

vs.

**Osberto Jimenez,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Law Offices of Clinton D. Flagg, P.A., Clinton D. Flagg and Carol A. Fenello, for appellant.

Marin, Eljaiek, Lopez, & Martinez, P.L. and Anthony M. Lopez, for appellee.

Before SCALES, LINDSEY and GORDO, JJ.

PER CURIAM.

Certain Underwriters at Lloyd's London appeals the trial court's order granting the insured's motion to compel appraisal in this first party property insurance action. While the insurance policy at issue contained a general appraisal provision permitting either party to demand appraisal, the policy contained an unambiguous endorsement deleting and replacing that general appraisal provision. The endorsement explicitly reserved to Lloyd's the sole right to require appraisal. "The law in Florida is clear that to the extent an endorsement is inconsistent with the body of the policy, the endorsement controls." Allstate Fire & Cas. Ins. Co. v. Hradecky, 208 So. 3d 184, 187 (Fla. 3d DCA 2016); see Fam. Care Ctr., P.A. v. Truck Ins. Exch., 875 So. 2d 750, 752 (Fla. 4th DCA 2004) ("Even if there were an ambiguity between the endorsement and the body of the policy, the endorsement, which is clear, controls."); Fireman's Fund Ins. Co. v. Levine & Partners, P.A., 848 So. 2d 1186, 1187 (Fla. 3d DCA 2003) ("[T]he terms of an endorsement such as the one sued upon control over anything purportedly to the contrary in any other insuring agreement . . . ."); Steuart Petroleum Co., Inc. v. Certain Underwriters at Lloyd's London, 696 So. 2d 376, 379 (Fla. 1st DCA 1997) ("[I]n general, to the extent an endorsement is inconsistent with the body of the policy, the endorsement controls."). We, therefore, reverse the trial court's order granting appraisal upon the

insured's motion as the policy's endorsement unambiguously reserved to Lloyd's the exclusive right to require appraisal.

Reversed and remanded.