# Third District Court of Appeal

## State of Florida

Opinion filed February 2, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-79
Lower Tribunal Nos. 18-6028 CC & 19-352 AP
_____

**Projekt Property Restoration, Inc.**, **a/a/o Daniel Luna,**
Appellant,

vs.

**GeoVera Specialty Insurance Company,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Font & Nelson, PLLC and Jose P. Font (Ft. Lauderdale), for appellant.

Paul R. Pearcy, P.A. and Maureen G. Pearcy; Hinshaw & Culbertson LLP, and Joseph V. Manzo, for appellee.


Before LOGUE, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed. See Taurus Holdings, Inc. v. U. S. Fid. & Guar. Co., 913 So.

2d 528, 532 (Fla. 2005) ("[I]nsurance contracts are interpreted according to the plain language of the policy except 'when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction.'" (quoting State Farm Mut. Auto. Ins. Co. v. Pridgen, 498 So. 2d 1245, 1248 (Fla. 1986))); Hagen v. Aetna Cas. & Sur. Co., 675 So. 2d 963, 965 (Fla. 5th DCA 1996) ("[I]f a policy . . . is clear and unambiguous, it should be enforced according to its terms."); Garcia v. Fed. Ins. Co., 969 So. 2d 288, 291 (Fla. 2007) ("A [policy] is not ambiguous simply because it is complex or requires analysis."); Allstate Fire & Cas. Ins. Co. v. Hradecky, 208 So. 3d 184, 187 (Fla. 3d DCA 2016) ("[T]o the extent an endorsement is inconsistent with the body of the policy, the endorsement controls.").