DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GEOVERA SPECIALTY INSURANCE COMPANY,**
Appellant,

v.

**CRAIG GLASSER,**
Appellee.

No. 4D20-2001

[February 16, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Keathan B. Frink, Judge; L.T. Case No. CACE17-021332(12).

Maureen G. Pearcy of Paul R. Pearcy, P.A., Miami, and Joseph V. Manzo of Hinshaw & Culbertson, LLP, Coral Gables, for appellant.

George A. Vaka and Robert C. Hubbard of Vaka Law Group, P.L., Tampa, for appellee.

MAY, J.

We are asked in this appeal to interpret policy provisions to determine if the policy covers the insured's water damage claim. The insurer appeals a summary judgment in which the trial court determined the policy covered the claim. The insurer argues the trial court erred in finding coverage because a policy endorsement excluded coverage for damages caused by water in any form. We agree and reverse.

The insurer issued an all-risks policy to the insured. During the policy period, the insured's property suffered water damage caused by a "sudden bursting of a water pipe within the wall of the guest bathroom." The insured sought coverage for the resulting water damage "throughout [his] entire home." The insurer denied coverage.

- ***The Insurance Policy***

The policy consisted of its initial terms and a Master Endorsement, which superseded the initial terms where applicable. *See Family Care Ctr., P.A. v. Truck Ins. Exch.*, 875 So. 2d 750, 752 (Fla. 4th DCA 2004) ("Even if there were an ambiguity between the endorsement and the body of the policy, the endorsement, which is clear, controls.").

The policy's initial terms provided:

**SECTION I - PERILS INSURED AGAINST**

**A. Coverage A- Dwelling and Coverage B - Other Structures**

**1.** We insure against direct physical loss to property described in Coverages A and B.

**2.** We do not insure, however, for loss:

**a.** Excluded under Section I – Exclusions;
**b.** Involving collapse . . . or
**c.** Caused by:
. . . .

**6(a).** Wear and tear, marring, deterioration . . . .

The endorsement provided the following exception:

**Exception [t]o c.(6)**

Unless the loss is otherwise excluded . . ., we cover loss . . . resulting from an accidental discharge or overflow of water . . . from within a:
. . . .

**(ii)** Plumbing . . . system . . . on the "residence premises."

The policy also contained specific exclusions. The policy provided:

**SECTION 1- EXCLUSIONS**

**A.** We do not insure for loss caused directly or indirectly by any of the following.

. . . .

2

**3. Water**

This means:

**a.** Flood, surface water, waves, including tidal wave and tsunami, tides, tidal water, overflow of any body of water, or spray from any of these, all whether or not driven by wind, Including storm surge;

**b.** Water which:

   **(1)** Backs up through sewers or drains; or

   **(2)** Overflows or is otherwise discharged from a sump, sump pump or related equipment;

**c.** Water below the surface of the ground, including water which exerts pressure on, or seeps, leaks or flows through a building, sidewalk, driveway, patio, foundation, swimming pool or other structure; or

**d.** Waterborne material carried or otherwise moved by any of the water referred to in **A.3.a.** through **A.3.c.** of this exclusion.

However, the Endorsement replaced exclusion **A.3.** with the following:

**3. "Water Damage"**

The following definition of "water damage" is provided:

**24.** "Water damage" means damage by water in any form, including but not limited to:

   **a.** Flood, surface water, waves, including tidal wave and tsunami, tides, tidal water, overflow of a body of water, or spray from any of these, all whether or not driven by wind, including storm surge;

   **b.** Water-borne material or sewage;

**c.** Water that exerts pressure on, or seeps, leaks or flows through a building, sidewalk, driveway, patio, foundation, swimming pool or other structure;

**d.** Rain, snow, sleet, ice or hail, whether or not driven by wind;

**e.** Moisture, condensation, humidity, or vapor; or

**f.** Pressure or weight of rain, snow, sleet, ice, or hail

regardless of the source or cause of the loss.[1]

- ***The Litigation***

The insured sued the insurer for breach of contract, statutory bad faith, and declaratory relief.[2] The insured moved for summary judgment, arguing the policy covered loss caused by accidental discharge of water from within a plumbing system. The insurer relied on the water damage exclusion endorsement to oppose the motion.

The trial court granted partial summary judgment for the insured, relying on *Cheetham v. Southern Oak Insurance Co.*, 114 So. 3d 257 (Fla. 3d DCA 2013), and *Cameron v. Scottsdale Insurance Co.*, 726 Fed. Appx. 757 (11th Cir. 2018) (unpublished). The court found the policy covered the water loss. The insurer argued to the court that the policies in *Cheetham* and *Cameron*, while similar, did not include the water damage exclusion endorsement that existed in this policy. The court found any difference in the policies was "minor and inconsequential."

The trial court denied the insurer's motion for reconsideration. The parties stipulated to damages. The trial court entered final judgment against the insurer. The insurer now appeals.

---

[1] Specific types of water damage are covered if resulting from: fire or lightning; sudden and accidental damage from smoke; windstorm or hail if the direct force of wind or hail first damages the building causing an opening in the roof or a wall and the water enters through this opening; explosion; aircraft; vehicles; vandalism or malicious mischief; riot or civil commotion; or theft.

[2] The bad faith claim was abated pursuant to an agreed order.

We have de novo review of this final summary judgment. *Volusia County v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000).

- *Analysis*

"[I]nsurance contracts are construed in accordance with 'the plain language of the polic[y] as bargained for by the parties.'" *Cheetham*, 114 So. 3d at 261 (second alteration in original) (quoting *Auto-Owners Ins. Co. v. Anderson*, 756 So. 2d 29, 33 (Fla. 2000)). "Ambiguous coverage provisions are construed strictly against the insurer that drafted the policy and liberally in favor of the insured." *Id.* However, the policy's provisions must be read in context with the whole policy. *See Universal Prop. & Cas. Ins. Co. v. Johnson*, 114 So. 3d 1031, 1036 (Fla. 1st DCA 2013). Significantly, an endorsement controls over a conflicting provision. *Family Care Ctr., P.A.*, 875 So. 2d at 752.

The policy provides:

**Exception [t]o c.(6).**

*Unless the loss is otherwise excluded . . .*, we cover loss . . . resulting from an accidental discharge or overflow of water . . . from within a:

    . . . .

**(ii)** Plumbing . . . system . . . on the "residence premises."

(Emphasis indicated by italics).

Based on paragraph (ii) under "**Exception [t]o c.(6)**," an "accidental discharge" of water from within a plumbing system caused by deterioration is a covered loss, "[u]nless the loss is otherwise excluded." Exclusions pertaining to water damage are found in Section I.A.3. of the policy.

The trial court and the insured rely primarily on *Cheetham*, where the Third District found a similar policy limited the water damage exclusion to water from external sources. 114 So. 3d at 263. There, the water exclusion stated:

**SECTION I—EXCLUSIONS**

**A.** We do not insure for loss caused directly or indirectly by any of the following.

    . . . .

5

### 3. **Water Damage**

Water Damage means:

    **a.** Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;

    **b.** Water or water-borne material which backs up through sewers or drains or which overflows or is discharged from a sump, sump pump or related equipment; or

    **c.** Water or water-borne material below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure;

    caused by or resulting from human or animal forces or any act of nature.

*Id.* at 260 (emphasis omitted).

The Third District reasoned that because paragraphs a. and c. specifically refer to outside forces, the water exclusion did not apply to damage resulting from the plaintiff's broken plumbing system. *Id.* at 262–63.

Here, the initial policy's water exclusion is nearly identical to that in *Cheetham.* However, the endorsement—which supersedes the initial terms of the policy—is broader than that in *Cheetham.*

This endorsement excludes "water damage," meaning "water in any form, including but not limited to:

    **a.** Flood, surface water, waves, including tidal wave and tsunami, tides, tidal water, overflow of a body of water, or spray from any of these, all whether or not driven by wind, including storm surge;

    **b.** Water-borne material or sewage;

6

**c.** Water that exerts pressure on, or seeps, leaks or flows through a building, sidewalk, driveway, patio, foundation, swimming pool or other structure;

**d.** Rain, snow, sleet, ice or hail, whether or not driven by wind;

**e.** Moisture, condensation, humidity, or vapor; or

**f.** Pressure or weight of rain, snow, sleet, ice, or hail

regardless of the source or cause of the loss."

Unlike the *Cheetham* policy, here, the insurer's endorsement lists specific causes of water damage the policy covers—none of which apply to the claimed damages here.

The trial court found the endorsement's differences were "minor and inconsequential," and as in *Cheetham*, still excluded only external sources of water. This is where the trial court's analysis took a wrong turn. The *Cheetham* policy excluded water damage caused by three things. 114 So. 3d at 263. To the contrary, the endorsement here excludes damage caused by "water **in any form** . . . regardless of the source or cause of the loss." (emphasis added).

The insurer's endorsement language is much broader and expressly excludes damages caused by water in any form, including plumbing system accidents. Although the policy's "Exception [t]o c.(6)" expressly covers accidental discharges of water from a plumbing system, it is superseded by the endorsement which excludes water loss in any form. *See Family Care Ctr., P.A.*, 875 So. 2d at 752; *see also Johnson*, 114 So. 3d at 1036. Even the *Cheetham* court recognized that coverage was limited by existing exclusions when it wrote that the "'accidental discharge' of water from within a plumbing system caused by deterioration is a covered loss, **'[u]nless the loss is otherwise excluded**.'" 114 So. 3d at 262 (emphasis added). Here, that loss is excluded.

This case is also distinguishable from *Kokhan v. Auto Club Insurance Co. of Florida*, 297 So. 3d 570 (Fla. 4th DCA 2020). There, we were confronted with whether a policy provided coverage for damage to a "pool deck and surrounding structures, including an adjoining wall and the home's exterior walls." *Id.* at 573. Reading the policy provisions together as a whole and in context, we held that the policy's "water damage" exclusion was limited "to naturally-flowing water or waterborne material

7

or substances existing outside of the plumbing system"; "not a leak from within the plumbing system itself."[3]  *Id.* at 575 (emphasis omitted).  Both the facts and the policy language in *Kokhan* are different from those at issue in this case.  And so is the result.

Finally, the insured argues "the insurer is held responsible for clearly setting forth what damages are excluded from coverage under the terms of the policy."  *Cheetham*, 114 So. 3d at 262.  Therefore, the insurer would have to expressly exclude coverage for accidental discharge of water from within a plumbing system in clear and explicit terms.

"[T]he mere fact that a provision in an insurance policy could be more clearly drafted does not necessarily mean that the provision is otherwise inconsistent, uncertain or ambiguous."  *State Farm Mut. Auto. Ins. Co. v. Pridgen*, 498 So. 2d 1245, 1248 (Fla. 1986).  While this policy may require the reading of multiple policy provisions, it is unambiguous and simply does not cover the water loss suffered by the insured.

We therefore reverse and remand with instructions to enter a summary judgment in favor of the insurer.

*Reversed and Remanded.*

GERBER and LEVINE, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[3] We did not address the "wear and tear" exclusion because the trial court had not addressed the issue.  We remanded the case for consideration of that issue.