DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHARLES HERRINGTON,**
Appellant,

v.

**CERTAIN UNDERWRITERS AT LLOYD'S LONDON,**
Appellee.

No. 4D21-1669

[June 29, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE19-021771.

Ronald P. Weil of the Weil Law Firm, P.A., Miami, for appellant.

Clinton D. Flagg and Carol A. Fenello of the Law Offices of Clinton D. Flagg, Miami, for appellee.

WARNER, J.

An insured homeowner appeals a summary judgment in favor of the insurer finding that a property insurance policy endorsement limited his losses for water damage to $5,000. Insured claims that the endorsement's limitation did not extend to "tear out" expenses incurred as a result of the water damage. We affirm, finding that the endorsement covered all such losses arising out of water damage.

Insured suffered damage to his home caused by a water pipe leak. Insurer capped coverage for insured's water loss at $5,000 based on a policy endorsement known as the "water damage aggregate limitation." That endorsement provided as follows:

> THIS ENDORSEMENT CHANGES THE PROPERTY COVERAGES PROVIDED BY YOUR POLICY. PLEASE READ IT CAREFULLY.
>
> USIB02 Conditional Property Endorsements

In consideration of the premium charged, your policy has been modified as follows:

. . . .

WATER DAMAGE AGGREGATE LIMITATION

It is hereby understood and agreed that for such insurance as is afforded by this policy, *loss(es) paid for damage arising out of water* shall be subject to a maximum amount of $5,000 during the policy term.

. . . .

These endorsements supersede any conflicting wordings within the policy.

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

(Emphasis added).

The "tear out" provision in the policy, relied upon by insured for coverage, provides as follows:

SECTION 1—PERILS INSURED AGAINST

COVERAGE A—DWELLING and COVERAGE B—OTHER STRUCTURES

We insure against risk of *direct loss* to property described in Coverages A and B only if that loss is a *physical loss* to property. We do not insure, however, for loss:

. . . .

2. Caused by:

. . . .

e. Any of the following:

(1) Wear and tear, marring, deterioration;

. . . .

> If any of these cause water damage not otherwise excluded, from a plumbing, heating, air conditioning or automatic fire protective sprinkler system or household appliance, *we cover loss caused by the water including the cost of tearing out and replacing any part of a building necessary to repair the system* or appliance.  We do not cover loss to the system or appliance from which this water escaped.

(Emphasis added).

As noted above, the trial court granted insurer's motion for summary judgment, concluding that the "Water Damage Aggregate Limitation" capped the amount insurer was required to pay for all losses arising out of water damage, including tear out damages.  Insured appeals that summary judgment.

"[C]ontracts should be interpreted to give effect to all provisions." *City of Homestead v. Johnson*, 760 So. 2d 80, 84 (Fla. 2000) (citing *Sugar Cane Growers Coop. of Fla., Inc. v. Pinnock*, 735 So. 2d 530, 535 (Fla. 4th DCA 1999)).  "[I]nsurance contracts are interpreted according to the plain language of the policy except 'when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction.'" *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005) (quoting *State Farm Mut. Auto. Ins. Co. v. Pridgen*, 498 So. 2d 1245, 1248 (Fla. 1986)).  Moreover, "a single policy provision should not be read in isolation and out of context, for the contract is to be construed according to its entire terms, as set forth in the policy and amplified by the policy application, endorsements, or riders." *Certain Interested Underwriters at Lloyd's London v. Pitu, Inc.*, 95 So. 3d 290, 292 (Fla. 3d DCA 2012) (quoting *State Farm Mut. Auto. Ins. Co. v. Mashburn*, 15 So. 3d 701, 704 (Fla. 1st DCA 2009)).  "Courts must 'construe contracts in such a way as to give reasonable meaning to all provisions,' rather than leaving part of the contract useless." *Publix Super Mkts., Inc. v. Wilder Corp. of Del.*, 876 So. 2d 652, 654 (Fla. 2d DCA 2004) (quoting *Hardwick Props., Inc. v. Newbern*, 711 So. 2d 35, 40 (Fla. 1st DCA 1998)).

However, "[t]he law in Florida is clear that to the extent an endorsement is inconsistent with the body of the policy, the endorsement controls." *Allstate Fire & Cas. Ins. Co. v. Hradecky*, 208 So. 3d 184, 187 (Fla. 3d DCA 2016) (citing *Family Care Ctr., P.A. v. Truck Ins. Exch.*, 875 So. 2d 750, 752 (Fla. 4th DCA 2004)).  "Even if there were an ambiguity between the endorsement and the body of the policy, the endorsement, which is clear,

controls." *Family Care*, 875 So. 2d at 752 (citations omitted); *see also Steuart Petroleum Co., Inc. v. Certain Underwriters at Lloyd's London*, 696 So. 2d 376, 379 (Fla. 1st DCA 1997) (stating "in general, to the extent an endorsement is inconsistent with the body of the policy, the endorsement controls" (citing 13A JOHN A. APPLEMAN & JEAN APPLEMAN, INSURANCE LAW & PRACTICE §§ 7537–8 (1976))).

In *Certain Interested Underwriters at Lloyd's London v. Pitu, Inc.*, the Third District construed an endorsement with very similar language:

> In consideration of the premium charged, it is hereby understood and agreed that for such insurance as is afforded by this policy, *loss(es) paid arising out of, or caused by, water damage* shall be subject to a maximum amount of $25,000 during the policy term.

95 So. 3d at 293 (emphasis added). The court found this endorsement to be clear and unambiguous in its limitation of coverage for those losses covered by the policy to $25,000. In a footnote, the court explained the breadth of the use of the term "arising out of":

> "The term 'arising out of' is broader in meaning than the term 'caused by' and means 'originating from,' 'having its origin in,' 'growing out of,' 'flowing from,' 'incident to' or 'having a connection with'. . . ." *Hagen v. Aetna Cas. & Sur. Co.*, 675 So. 2d 963, 965 (Fla. 5th DCA 1996); *see also Nat'l Indem. Co. v. Corbo*, 248 So. 2d 238, 240 (Fla. 3d DCA 1971) (recognizing that "arising out of" means "causally connected with, not proximately caused by"); *Taurus Holdings, Inc.*, 913 So. 2d at 533 (confirming "the proposition that 'arising out of' does not equate to proximate cause—at least in coverage provisions"). Thus, regardless of whether the broken pipe was the proximate cause of the loss, there is no dispute, and indeed Pitu did not dispute, that this loss was incident to or connected with the water flowing from it.

*Id.* at 293 n.3.

Similarly, the endorsement in this case limits losses paid for damages "arising out of water." We see little difference between the language of the two endorsements. While insured claims that losses from "damage arising out of water" means something different than losses "arising out of water damage," we are not persuaded that there is a difference. Both cover losses "incident to" or "having a connection with" water.

4

Insured argues that "tear out" expenses are not "damages" and thus not subject to the endorsement limitation. We disagree. The policy language covers "loss caused by the water *including the cost of tearing out*" parts of the structure to repair the system which leaked. "Tear out" costs are thus part of the water damage loss. Therefore, the endorsement limiting all water damage loss includes tear out expenses.

We thus affirm the final summary judgment holding that insured's covered loss for water damage, including tear out expenses, was limited to $5,000 by the policy endorsement.

*Affirmed.*

FORST and ARTAU, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***