DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**COLONY INSURANCE COMPANY,**
Appellant,

v.

**TITAN RESTORATION CONSTRUCTION, INC.,**
Appellee.

No. 4D2023-2908

[January 8, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph Curley, Judge; L.T. Case No. 502022CA006428MB.

John Bond Atkinson and Maria-Gracia Donati of Atkinson, P.A., Miami, for appellant.

Elliot B. Kula and William D. Mueller of Kula & Associates, P.A., Miami, for appellee.

KLINGENSMITH, C.J.

Appellant Colony Insurance Company appeals a final summary judgment entered in favor of Titan Restoration Construction, Inc. following the trial court's ruling that Titan was added as an additional insured under Certified Roofing Solutions, LLC's (the "subcontractor") Commercial General Liability policy ("subcontractor policy"). We reverse the trial court's final summary judgment for the reasons set forth below and remand for the trial court to grant final summary judgment in favor of Colony.

**Background**

Titan, a general contracting company, took out an insurance policy (the "Policy") with Colony. An Endorsement added to the Policy contained a subcontractor provision, which stated that no coverage would apply unless Titan and its subcontractor executed an agreement containing:

A requirement for the [subcontractor] to name the insured as an additional insured under their Commercial General

Liability policy on a primary and non-contributory basis in favor of the insured.

The Policy also included an "Other Insurance" clause stating that the Policy "is excess over" any other primary insurance available "covering liability for damages arising out of the premises or operations . . . for which you have been added as an additional insured."

While the Policy was in effect, Titan undertook a construction project and hired the subcontractor to replace the roof on a building. Prior to the commencement of the subcontractor's work, Titan and the subcontractor signed two agreements: (1) the Re-Roofing Proposal/Agreement ("the Proposal") and (2) the "Guidelines for Vendors and Subcontractors" agreement ("the Vendor's Agreement"). Pertinent to this appeal, the Proposal contained a disclaimer provision stating that the subcontractor "will not be held responsible for water damage to the exterior or the interior of the premises."

During the project, the roof installed by the subcontractor began to leak, causing water damage to the building. After Titan broached indemnification with the subcontractor, Titan filed a claim with Colony, which Colony denied. Colony asserted no coverage was available for the claim because the subcontractor had not added Titan to the subcontractor policy as an additional insured on a primary and non-contributory basis, thus Titan had failed to comply with the terms of the Policy's Endorsement.

Titan sued Colony, seeking a declaration that Colony was obligated to pay for the reported loss.

Colony and Titan subsequently filed cross-motions for summary judgment. Colony argued that the Policy did not provide coverage to Titan because Titan had not been added as an additional insured on a primary and non-contributory basis in any of the contracts with the subcontractor. Titan argued that the Endorsement's plain language did not require the specific use of the three words "primary and non-contributory" in the Vendor's Agreement. Titan also contended that the "Other Insurance" clause in the Policy conflicted with the Endorsement, creating an ambiguity which must be reconciled in its favor.

The trial court granted Titan's motion for summary judgment, finding that Titan was added as an additional insured under the subcontractor's policy, and denied Colony's motion on grounds that the Policy did not plainly and unambiguously require that the agreement between Titan and the subcontractor contain the words "primary and noncontributory."

2

Colony appeals the trial court's ruling, arguing that the trial court improperly misconstrued the unambiguous Policy terms, improperly relied on the Policy's "Other Insurance" clause, and failed to look at the Proposal. We agree with that argument.

**Analysis**

"The standard of review governing a trial court's ruling on a motion for summary judgment based upon the interpretation of an insurance policy is de novo." *Rodrigo v. State Farm Fla. Ins. Co.*, 144 So. 3d 690, 692 (Fla. 4th DCA 2014) (citing *Chandler v. Geico Indem. Co.*, 78 So. 3d 1293, 1296 (Fla. 2011)). "Summary judgment is proper where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Delray Beach v. DeLeonibus*, 379 So. 3d 1177, 1180 (Fla. 4th DCA 2024) (quoting *Constr. Consulting, Inc. v. Dist. Bd. of Trs. of Broward Coll.*, 347 So. 3d 14, 21-22 (Fla. 4th DCA 2022)).

"Insurance contracts are construed in accordance with the plain language of the policies as bargained for by the parties." *Prudential Prop. & Cas. Ins. Co. v. Swindal*, 622 So. 2d 467, 470 (Fla. 1993). "Ambiguities are interpreted liberally in favor of the insured and strictly against the insurer who prepared the policy." *Id.* (citing *Gulf Life Ins. Co. v. Nash*, 97 So. 2d 4, 9-10 (Fla. 1957)). However, "to the extent an endorsement is inconsistent with the body of the policy, the endorsement controls." *Herrington v. Certain Underwriters at Lloyd's London*, 342 So. 3d 767, 769 (Fla. 4th DCA 2022) (quoting *Allstate Fire & Cas. Ins. Co. v. Hradecky*, 208 So. 3d 184, 187 (Fla. 3d DCA 2016)).

Titan argues that the Endorsement created an ambiguity with the "Other Insurance" clause in the Policy, and therefore the ambiguity must be resolved in its favor as the insured. We disagree. As held in *Herrington*, 342 So. 3d at 769, the endorsement here controls over the language contained in the body of a policy.

Here, the Policy's Endorsement required Titan be named as an additional insured in the subcontractor's policy on a "primary and noncontributory basis." However, pursuant to the "Other Insurance" clause, Titan's Policy is excess over the subcontractor's policy if Titan be named as an additional insured under the subcontractor's policy. Because of the conflict between the "Other Insurance" clause and the Endorsement, the Endorsement is the governing document. *See Herrington*, 342 So. 3d at 770. Thus, to receive coverage under the Policy,

Titan was required to have been added as an additional insured under the subcontractor's policy on a <u>primary and non-contributory</u> basis.

We find that neither of Titan's contracts with the subcontractor comply with the Endorsement. The Vendor's Agreement, which was the only contract considered by the trial court, did not require the subcontractor to add Titan as an insured with primary, non-contributing coverage for any loss caused by the subcontractor. Additionally, the Proposal—part of the contractual documents between Titan and the subcontractor—specifically disclaimed the subcontractor's responsibility for any water damage. Titan thus failed to comply with the Endorsement because the subcontractor had not been required to add Titan as an additional insured on a primary and non-contributory basis, and Titan and the subcontractor had agreed that the subcontractor was not responsible for water damage. Therefore, Titan's claim is not covered under the Policy.

Because the Endorsement is the controlling document and Titan did not meet the Endorsement's requirements, Titan's claim is not covered under the Policy, and the trial court erred in granting summary judgment in favor of Titan. We reverse the final summary judgment and remand for the trial court to grant final summary judgment in favor of Colony.

*Reversed and remanded.*

CONNER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4